## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KENNETH WALTON,

                Plaintiff,

v.

                                     Case No. 2:25-cv-11566
                                     Hon. Brandy R. McMillion

JOHN CHRISTIANSEN,

                Defendant.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Before the Court is Plaintiff Kenneth Walton's ("Walton") *pro se* civil rights Complaint filed pursuant to 42 U.S.C. § 1983 against Defendant Warden John Christiansen ("Christiansen") in his individual and official capacity. ECF No. 1. Walton is presently confined at the St. Louis Correctional Facility in St. Louis, Michigan. Walton has been allowed to proceed *in forma pauperis* – without prepayment of fees. ECF No. 4. This Complaint is now under initial review, as required by the Prisoner Litigation Reform Act ("PLRA"). Because the Complaint fails to state a claim upon which relief can be granted, the Court **SUMMARILY DISMISSES** this matter for the reasons stated below.

**I.**

Walton alleges that the events giving rise to his Complaint occurred while incarcerated at the St. Louis Correctional Facility.  ECF No. 1, PageID.8.  He states that on February 10, 2024, while housed in segregation, he fell and broke his thumb.  *Id*.  That same day, medical staff provided a splint and scheduled a follow-up appointment.  *Id*.  Walton states that during the follow-up evaluation, his concerns about his thumb were ignored.  *Id*. at PageID.9.  Based on the attachments to his Complaint, it appears Walton requested an X-ray, which medical staff denied.  *Id*. at PageID.15.  He filed a grievance for being denied adequate medical care, which was rejected.  *Id*. at PageID.9.

Walton alleges that the inadequate medical care constituted cruel and unusual punishment in violation of his Eighth Amendment rights.  *Id*. at PageID.10.  He claims that medical staff lacked urgency in addressing his needs and should have provided him with additional treatment.[1]  *Id*.  Walton maintains that Christiansen violated his constitutional rights by failing to follow the proper procedures of due process.  *Id*.  He seeks monetary relief.  *Id*. at PageID.11.

---

[1] Walton also claims that he complained of "headaches, continuous bleeding, [and] scar to the face."  ECF No. 1, PageID.10.  Because Walton's Complaint only raises an Eighth Amendment claim concerning treatment for his thumb, the Court will not address these allegations in his Complaint.  Nothing in this Complaint precludes Walton from bringing a civil action concerning whether he received proper treatment for his headaches, continuous bleeding, and scar to face, which appear to be unrelated to the treatment he received for his broken thumb.

## II.

Under the PLRA, the Court is authorized to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  In making this determination, the Court liberally construes pro se complaints.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A complaint will be found frivolous if it lacks an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  And *sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed.  *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

3

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

To state a *prima facie* federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## III.

### A. Personal Involvement

Walton's allegations against Christiansen, the sole defendant in this case, are insufficient to state a claim under § 1983 because he fails to state how Christiansen was personally involved in violating his constitutional rights. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs*., 436 U.S. 658, 691-92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Walton alleges only that Christiansen failed to follow the proper procedures of due process.  ECF No. 1, PageID.10.  He does not allege any facts explaining what Christiansen did or did not do to violate his rights.  He also does not allege facts showing that any claimed injury is the result of a policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees.  *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims); *see, e.g., Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011) (affirming dismissal of claims brought against prison warden where plaintiff had "not alleged sufficient personal involvement by [the warden]" or alleged that the warden was "actively engaged in unconstitutional behavior").  Conclusory allegations are insufficient to state a civil rights claim under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009).  Accordingly, Walton's threadbare allegation does not state a claim.

Moreover, to the extent that Walton alleges Christiansen was involved in, or responsible for, the denial, rejection, or investigation of his grievances, prison officials are not liable under § 1983 for denying or failing to act on grievances.  *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *see also Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004) (citing *Shehee v. Luttrell*, 199 F.3d

295, 300 (6th Cir. 1999)). Even construing the Complaint liberally, Walton has not sufficiently pleaded an available theory upon which to hold Christiansen liable.

## B. Deliberate Indifference to Medical Needs

Walton brings a claim for deliberate indifference to serious medical needs concerning the treatment he received for his broken thumb. Walton generally contends that prison medical staff were responsible for the lack of proper treatment. ECF No. 1, PageID.9-10. Since the only named defendant, Christiansen, in this case has been dismissed, this Court could allow Walton the opportunity to amend his Complaint to identify a proper defendant. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding "that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA"). However, the Court concludes that further amendment is not warranted because Walton fails to state a deliberate indifference claim under § 1983.

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id*.  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  *Id*.  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty*., 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty*., 534 F.3d 531, 539–40 (6th Cir. 2008).  Obviousness, however, is not strictly limited to what is detectable to the eye.  Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear.  *See, e.g., Rouster v. Saginaw Cnty*., 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious

need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), abrogation on other grounds recognized by *Lawler as next friend of Lawler v. Hardiman Cnty., Tenn.*, 93 F.4th 919 (6th Cir. 2024).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. To prove a defendant's

subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006).  "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)).  He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

*1. Objective Component*

Walton alleges that he "fell and broke his thumb" and medical staff gave him a splint and a follow up evaluation date of February 12, 2024. ECF No. 1, PageID.8. He states that he attempted to alert medical staff of his thumb injury but was ignored. *Id*. He claims that medical staff did not act urgently when addressing his medical needs, even though he received treatment the same day. *Id*. at PageID.10. He claims he requested an X-Ray, but did not receive one. *Id*. at PageID.15. And he takes issue with the delay in scheduling a follow-up evaluation.

Under the circumstances alleged by Walton, it is not at all clear that he has alleged sufficient facts to satisfy the objective component of the relevant two-prong test. *See, e.g., Axelson v. Mich. Dep't of Corr.,* No. 09-12514, 2010 WL 1439005, at *2 (E.D. Mich. Apr. 9, 2020) ("[O]ther courts confronted with even longer delays in the treatment of broken fingers have concluded that a plaintiff's desire for faster treatment does not establish deliberate indifference on behalf of medical professionals." (citations omitted)); *Russo v. Beaton*, 234 F. App'x 725, 727 (9th Cir. 2007) (concluding that the plaintiff's broken finger did not constitute a serious medical condition and that the plaintiff had failed to show "that the failure to treat it at the scene of his arrest was more than an ordinary lack of due care or resulted in the unnecessary and wanton infliction of pain" (citations omitted)). Indeed, although a broken finger may constitute a serious medical need in some circumstances, based

on the circumstances alleged by Walton, it appears to the Court that he has failed to allege sufficient facts to show a serious medical need during the five-day period at issue in the Complaint. Nonetheless, the Court will also address the subjective component of the relevant two-prong test.

    *2. Subjective Component*

In this case, Walton received treatment for his broken thumb. Walton's allegation that he did not receive proper follow-up treatment, i.e., an X-ray, amounts to a disagreement about whether he required additional treatment. Disagreement about the course of treatment does not support a proper claim under § 1983. *Estelle*, 429 U.S. at 107; *Westlake*, 537 F.2d at 860 n.5. Negligence or medical malpractice does not amount to a constitutional violation. *See Farmer*, 511 U.S. at 835-36; *Estelle*, 429 U.S. at 106. Where the dispute is over the adequacy of the treatment, as in here, the Court will not second guess the judgment of the medical staff. *Westlake*, 537 F.2d at 860 n.5. For these reasons, Walton's claim for denial of medical care is subject to dismissal for failing to allege facts stating a claim to relief and the Court declines to allow Walton to amend his Complaint.

## IV.

Accordingly, because Walton fails to state a claim upon which relief can be granted, the Court hereby summarily **DISMISSES WITH PREJUDICE** the Complaint (ECF No. 1) in its entirety.

***This is a final order that closes the case.***

**IT IS SO ORDERED**.

Dated:  July 7, 2025                    s/Brandy R. McMillion
                                        HON. BRANDY R. MCMILLION
                                        UNITED STATES DISTRICT JUDGE